UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

In re:

JASWINDER SINGH,

Debtor.

----------------------------------------------------------------X

KENNETH KIRSCHENBAUM, as Trustee
for the Estate of JASWINDER SINGH,

Plaintiff.

-against-

FIRST JERSEY CREDIT UNION,

Defendant.

----------------------------------------------------------------X

Case No. 816-71553-las

Chapter 7

Adv. Pro. No. 816-8090-las

## <u>AMENDED COMPLAINT</u>

Plaintiff, Kenneth Kirschenbaum, the Chapter 7 Trustee ("Plaintiff" or "Trustee") for the estate (the "Estate") of Jaswinder Singh ("Debtor"), by and through his counsel, Kirschenbaum & Kirschenbaum, P.C., as and for his Amended Complaint herein, respectfully alleges and represents to this Court as follows:

### <u>THE PARTIES</u>

1.    Plaintiff is the duly appointed Chapter 7 Trustee for the Estate.

2.    Defendant, First Jersey Credit Union ("FJCU"), is a federally insured credit union which transacted business with Debtor in the State of New York.

1

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Rule") as this action arose in and under Debtor's pending Chapter 7 case.

4.       This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (F), (K) and (O).

5.       Venue of this adversary proceeding is properly before this Court pursuant to 28 U.S.C. § 1409.

6.       The statutory predicates upon which this adversary proceeding is based are 11 U.S.C. §§ 105(a), 502(d), 506 and 547, in that Plaintiff seeks entry of an order and judgment: (a) setting aside, as a preferential transfer, FJCU's recording of a judgment against the real property commonly known as 15 Robert Street, Old Bethpage, New York 11804 within ninety days prior to the filing of Debtor's bankruptcy petition; (b) disallowing any claim filed by FJCU against the Estate unless and until the recording of the judgment representing the preferential transfer is vacated; (c) determining the validity and extent of FJCU's interest, if any, in the Debtor's real properties; and (d) granting such other and further relief as the Court deems just and proper.

## Background:

7.       On April 11, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief (the "Petition") pursuant to Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

8.       Plaintiff was appointed as the interim Chapter 7 Trustee for the Estate and was thereafter duly qualified as the Permanent Trustee, in which capacity he currently serves..

I.  The Old Bethpage Property

9.      Prior to the Petition Date, Debtor held an ownership interest in the real property commonly located at 15 Robert Street, Old Bethpage, New York 11804 (the "Old Bethpage Property").

10.     The Old Bethpage Property is Debtor's homestead in which he resides with his non-filing spouse, Jagit Kaur ("Kaur").

11.     The Old Bethpage Property was purchased by Debtor on or about November 20, 2013.

12.     The deed evidencing Debtor's purchase of the Old Bethpage Property was recorded in the Nassau County Clerk's Office on or about December 4, 2013.

13.     Upon information and belief, prior to the commencement of Debtor's bankruptcy case, Debtor conveyed title in the Old Bethpage Property to Kaur on or about November 2015.

14.     Kaur conveyed title in the Old Bethpage Property back to Debtor on or about February 25, 2016.

II.  The Richmond Hill Property

15.     Prior to the Petition Date, Debtor and Kaur held an ownership interest in the real property commonly located at 91-10 112th Street, Richmond Hill, New York 1149 (the "Richmond Hill Property").

III. The First Jersey Credit Union Judgment

16.      Debtor held a prepetition interest in Gurnadar Transit, Inc. ("Gurnadar") as its sole shareholder and principal.

17.     On or about November 7, 2013, Defendant made a loan to Gurnadar (the "FJCU Loan").

18.    The FJCU Loan was utilized by Gurnadar to acquire a NYC Taxi Medallion (the "Medallion").

19.    The FJCU Loan was in the principal sum of $840,000.00.

20.    The FJCU Loan was secured by the taxi medallion, number 8T12.

21.    Debtor personally guaranteed the FJCU Loan.

22.    In connection with the FJCU Loan, on November 7, 2013, Debtor executed a Confession of Judgment in favor of FJCU in the sum of the full loan amount, with interest thereon (the "Confession of Judgment").

23.    Gurnadar and Debtor failed to timely make payment on the FJCU Loan in or about February 2015.

24.    On December 3, 2015, FJCU commenced an action against Debtor and Gurnadar in the Supreme Court for the State of New York, County of Queens (the "State Court"), Index Number 712629/2015, (the "FJCU Action"), which sought the repossession of the taxi medallion and damages pursuant to the Confession of Judgment.

25.    On December 8, 2015, the State Court entered a judgment in favor of FJCU and against Gurnadar and Debtor in the sum of $997,845.82 (the "Judgment").

26.    On December 8, 2015, the Queens County Clerk's Office recorded a transcript of the judgment, which was effective as against the Richmond Hill Property.

27.    On or about January 14, 2016, FJCU recorded a transcript of the Judgment in the Nassau County Clerk's Office, which was effective as against the Old Bethpage Property (together with the "Richmond Hill Property", the "Real Properties").

28.    On or about February 1, 2016, FJCU repossessed the Medallion and placed the Medallion in storage at the New York City Taxi and Limousine Commission.

4

29.    Upon information and belief, no action has been taken by FJCU with respect to the Medallion since FJCU repossessed the Medallion.

30.    Upon information and belief, FJCU still retains possession of the Medallion pursuant to its repossession of same.

**First Claim For Relief Against Defendant:**
(Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547(b))
(Incorporating All Previous Allegations)

31.    By nature of the filing of the Petition, the Old Bethpage Property is an asset of the Estate.

32.    The Judgment was recorded in the Nassau County Clerk's Office on January 14, 2016.

33.    Debtor's bankruptcy petition was filed on April 11, 2016.

34.    The Judgment was recorded within the 90-day period prior to the commencement of Debtor's bankruptcy case.

35.    The recording of the Judgment affects the possession and interest of the Estate in the Old Bethpage Property.

36.    Upon information and belief, the recording of the Judgment against the Old Bethpage Property was done at a time while Debtor was insolvent.

37.    Upon information and belief, the Judgment seeks to preserve Defendant's interest in the Old Bethpage Property and permit Defendant to receive more than it would receive if the case was under chapter 7 of the Bankruptcy Code, the recording was not made, and Defendant received a creditor distribution, to the extent that it has an allowed claim against the Estate, in accordance with the provisions of the Bankruptcy Code.

38.    By reason of the foregoing, Plaintiff is entitled to entry of an order and judgment declaring that the recording of the Judgment against the Old Bethpage Property is avoided as a preferential transfer.

**Second Claim For Relief Against Defendant**
(Determination of Extent and Validity of Lien Pursuant to 11 U.S.C. § 506)

39.    On or about May 27, 2016, FJCU filed a secured claim against the Estate in the sum of $997,845.82 (Claim No. 1) (the "FJCU Claim").

40.    Section 506(d) of the Bankruptcy Code provides in pertinent part that, "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void".

41.    Upon information and belief, FJCU retains possession of the Medallion.

42.    New York Uniform Commercial Code § 9-610(a) provides: "After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing."

43.    Upon information and belief, FJCU took no steps to dispose of the Medallion in a commercially reasonable manner.

44.    In view of the foregoing, it is respectfully requested that this Court issue a declaratory judgment determining that FJCU did not dispose of the Medallion in a commercially reasonable manner, FJCU is not entitled to a claimed deficiency against the Estate over and above the value of the Medallion, FJCU does not possess an interest against the Real Properties, and any and all potential claims of FJCU shall be determined to be fully satisfied by its repossession of the Medallion.

**Third Claim For Relief Against Defendant:**
(Disallowance of Claim Against The Estate By Defendant Pursuant To 11 U.S.C. § 502(d))
(Incorporating All Previous Allegations)

45.     FJCU recorded the Judgment in the Nassau County Clerk's Office against the Old Bethpage Property on January 14, 2016, a date that is within 90 days prior to the filing of the Petition.

46.     The recording of the Judgment constitutes an avoidable preferential transfer pursuant to 11 U.S.C. § 547(b).

47.     By reason of the foregoing, any claim filed by Defendant against the Estate must be disallowed pursuant to 11 U.S.C. § 502(d) unless and until the recording of the Judgment that constitutes the alleged preferential transfer is vacated.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  On the First Claim for Relief, avoiding FJCU's recording of the Judgment against the Old Bethpage Property as a preferential transfer pursuant to 11 U.S.C. § 547(b);

b.  On the Second Claim for Relief, determining that the FJCU Judgment has been fully satisfied by FJCU's seizure of the Medallion due to FJCU's failure to dispose of same in a commercially reasonable manner pursuant to the Uniform Commercial Code and that the FJCU Judgment is void;

c.  On the Third Claim for Relief, disallowing any claim by FJCU against the Estate unless and until the recording of the Judgment against the Old Bethpage Property is vacated;

d.  Directing that the Nassau County Clerk's Office discharge the Judgment with respect to the Old Bethpage Property;

7

e.    Directing that the Queens County Clerk's Office discharge the Judgment with

respect to the Richmond Hill Property; and

f.    Granting such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      July 19, 2016

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
*Attorneys for Plaintiff*

By:    /s/ Michael A. Sabella
        Michael A. Sabella, Esq.
        200 Garden City Plaza
        Garden City, New York  11530
        (516) 747-6700