UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

JASWINDER SINGH,

                                Debtor.

----------------------------------------------------------------X
KENNETH KIRSCHENBAUM, as Trustee
for the Estate of JASWINDER SINGH,

                                Plaintiff.

-against-

FIRST JERSEY CREDIT UNION,

                                Defendant.
----------------------------------------------------------------X

Case No. 816-71553-las

Chapter 7

Adv. Pro. No. 816-8090-las

## **STIPULATION OF SETTLEMENT**

**WHEREAS**, on April 11, 2016 (the "Petition Date"), Jaswinder Singh ("Debtor") filed a voluntary petition for relief (the "Petition") pursuant to Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") and Kenneth Kirschenbaum was appointed as the interim Chapter 7 Trustee for the Debtor's estate (the "Estate"), was duly qualified, and thereafter became the Permanent Trustee (the "Plaintiff" or the "Trustee"), in which capacity he continues to serve; and

**WHEREAS**, prior to the Petition Date, Debtor held a 100% ownership interest in the real property commonly known at 15 Robert Street, Old Bethpage, New York 11804 (the "Old Bethpage Property"), in which Debtor resides with his non-filing spouse, Jagit Kaur ("Kaur"); and

**WHEREAS**, Debtor and Kaur own the real property commonly known as 91-10 112th Street, Richmond Hill, New York 11418 (the "Richmond Hill Property") as tenants by the entirety; and

1

**WHEREAS**, on or about November 7, 2013, Gurnadar Transit, Inc. ("Gurnadar"), a corporation owned solely by Debtor, refinanced a note of indebtedness, which was secured by a lien on a NYC Taxi Medallion, assigned medallion number 8T12 (the "Medallion"), whereby Debtor received $840,000.00 from FJCU (the "FJCU Loan"), a portion of which the Debtor received as cash (the "Cash Proceeds"); and

**WHEREAS**, FJCU claims that, although the Debtor's loan application stated his intention was to use the Cash Proceeds to pay down the principal debt secured by the mortgage on the Richmond Hill Property, Debtor actually used the Cash Proceeds as a down payment to purchase the Old Bethpage property; and

**WHEREAS**, Debtor: (i) personally guaranteed repayment of the FJCU Loan; and (ii) executed an Affidavit of Confession of Judgment, in favor of FJCU, in which he agreed that, upon the occurrence of an Event of Default under the Note (as such term is defined therein), FJCU may enter judgment against Gurnadar and the Debtor, jointly and severally, for the amount then due under the Note; and

**WHEREAS**, Gurnadar and Debtor defaulted under the terms of the FJCU Note; and

**WHEREAS**, on December 3, 2015, FJCU commenced an action against the Debtor and Gurnadar in the Supreme Court of the State of New York, County of Queens (the "State Court"), Index Number 712629/2015, (the "FJCU Action"), in which it sought a judgment for damages against Gurnadar and the Debtor pursuant to the Affidavit of Confession of Judgment; and

**WHEREAS**, on December 8, 2015, the State Court entered a judgment in favor of FJCU and against Gurnadar and Debtor in the sum of $997,845.82 (the "Judgment"); and

**WHEREAS**, on December 8, 2015, the Judgment was filed and recorded in the Queens County Clerk's Office, thereby forming a lien against the Richmond Hill Property; and

**WHEREAS**, on or about January 14, 2016, FJCU recorded a transcript of the Judgment (the "Transcript of Judgment") in the Nassau County Clerk's Office, which recording formed a lien against the Old Bethpage Property (together with the "Richmond Hill Property", the "Real Properties"); and

**WHEREAS**, on or about February 1, 2016 (the "Repossession Date"), FJCU repossessed the Medallion and placed the Medallion in storage at the New York City Taxi and Limousine Commission, where it has remained to date; and

**WHEREAS**, between the Repossession Date and the Petition Date, FJCU asserts that it made commercially reasonable efforts to dispose of the Medallion, including attempting to modify the terms of the FJCU Loan with the Debtor, but no disposition of the Medallion was consummated prior to the Petition Date; and

**WHEREAS**, on or about May 27, 2016, FJCU filed a proof of claim against the Estate in the sum of $997,845.82 (the "FJCU Claim"), asserting that the claim was secured based upon its interest in the Medallion and the Real Properties; and

**WHEREAS**, notwithstanding the repossession of the Medallion and its liens against the Real Properties, FJCU claimed that it was secured to the extent of the value of the Medallion and the Real Properties, which it stated was $0.00, and that the claim was, therefore, unsecured in the sum of $997,845.82; and

**WHEREAS**, on or about June 9, 2016, Plaintiff commenced the instant adversary proceeding against FJCU; and

**WHEREAS**, on or about July 19, 2016, Plaintiff filed an amended complaint (the "Amended Complaint") against FJCU; and

**WHEREAS**, the Amended Complaint seeks the entry of an order and judgment against FJCU pursuant to 11 U.S.C. §§ 105(a), 502(d), 506 and 547: (a) avoiding, as a preferential transfer, the recording of the FJCU Judgment in the Nassau County Clerk's Office and the resultant lien against the Old Bethpage Property, which occurred within the ninety (90) day period prior to the filing of the Petition; (b) disallowing any claim filed by FJCU against the Estate unless and until the recording of the Transcript of Judgment in the Nassau County Clerk's Office, which formed a lien against the Old Bethpage Property is vacated and the lien is avoided; (c) determining the validity and extent of FJCU's interest, if any, in the Real Properties; and (d) granting such other and further relief as the Court deemed just and proper; and

**WHEREAS**, Plaintiff and Defendant (collectively, the "Parties"), by and through their respective counsel, in an effort to avoid the costs, expenses and uncertainty of litigation, have agreed to resolve the issues between or among them, upon the terms and conditions contained in this Stipulation;

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties that the instant adversary proceeding shall be resolved upon the terms and conditions set forth in this stipulation (the "Stipulation), subject to Bankruptcy Court approval upon notice to all parties in interest, as follows:

1. Defendant consents to the avoidance of the recording of the Transcript of Judgment in the Nassau County Clerk's Office and the avoidance of the resultant lien encumbering the Old Bethpage Property which had been created upon the recording of the Transcript of Judgment, as preferential transfers in accordance with 11 U.S.C § 547(b).

2. The Parties agree that, for the purpose of resolving all claims asserted against the Defendant in this adversary proceeding and any potential litigation relating to the proof of claim

(Claim Number 1) filed by FJCU in the underlying bankruptcy proceeding, the value of the Medallion shall be fixed in the sum of $500,000.00.

3. Defendant consents to the Trustee taking any and all steps necessary to market and effectuate a sale of both the Estate's and the Debtor's non-debtor spouse's interest in the Richmond Hill Property to a bona fide purchaser free and clear of liens and encumbrances pursuant to 11 U.S.C. §§ 363(b), (f) and (h), and agrees to cooperate with the Trustee in his efforts to effectuate such a sale. Upon the Trustee: (a) accepting an offer from a bona fide purchaser to purchase the Richmond Hill Property; and (b) obtaining an order of the Bankruptcy Court approving such sale, the Defendant shall tender to the Trustee an original executed release of its lien (the "Release of Lien") which encumbers the Richmond Hill Property. The Trustee shall hold the executed Release of Lien in escrow pending the sale of the Richmond Hill Property, at which time the Trustee shall be authorized to release FJCU's Release of Lien for recording. In the event the Trustee is unsuccessful in consummating a sale of the Richmond Hill Property, the original executed Release of Lien shall be returned to the Defendant.

4. Notwithstanding the foregoing, FJCU specifically reserves its right to object to or otherwise oppose any proposed sale or other disposition of the Estate's interest in the Richmond Hill Property by the Trustee; and

5. Based upon the agreed value of the Medallion, as fixed in paragraph 2 above, and Defendant's release of its lien against the Richmond Hill Property, Defendant's filed claim against the Estate (Claim Number 1) shall be amended to the following extent: (a) the claim shall be classified and allowed as a secured claim in the amount of $500,000.00; and (b) the claim shall be classified and allowed as a general unsecured claim in the reduced amount of $497,845.82.

6. This Stipulation is binding upon the Parties. Upon full execution of this Stipulation, the Trustee's counsel shall promptly file and serve an application seeking the entry of an order approving this Stipulation in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure upon notice to the Court, all creditors and all parties in interest.

7. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, and which together shall constitute one original document. A facsimile signature on this Stipulation or a signature on this Stipulation that is scanned and sent by e-mail ("electronic signature") shall be considered an original signature.

8. Each of the Parties acknowledges and agrees that all terms, conditions and provisions of this Stipulation, and all obligations of the Parties under this Stipulation, are subject to and conditioned upon the entry of a final non-appealable order of the bankruptcy court or any appellate court approving the Stipulation.

9. In the event that this Stipulation is not approved by the Court, this Stipulation shall be deemed null and void, no portion of this Stipulation may be used in any subsequent litigation, and the rights and remedies of the Parties shall be preserved as if this Stipulation had not been executed.

10. Plaintiff and Defendant shall each bear their respective attorneys' fees and costs relating to the Adversary Proceeding, including settlement negotiations and implementation of this Stipulation.

11. The Parties hereto have read all of the foregoing and represent that this Stipulation has been explained to them by their respective legal counsel, and that each understands all of the provisions herein. The Parties hereto represent and warrant that the signatories hereto have full authority to execute this Stipulation.

12. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and the Federal Bankruptcy Rules and the laws of the State of New York, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction.

13. The Parties irrevocably consent to the jurisdiction of the Court with respect to any action to approve and enforce the terms and provisions of this Stipulation and expressly waive any right to commence any action in any other forum or to contest the Court's jurisdiction.

14. The person executing this Stipulation on behalf of each respective party warrants and represents that she or he is authorized and empowered to execute and deliver this Stipulation on behalf of such party.

Dated: Garden City, New York
 ~~August~~, 2016
September 9, 2016

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
*Attorneys for Plaintiff*

By: /s/ Steven B. Sheinwald
Steven B. Sheinwald, Esq.
200 Garden City Plaza - Suite 500
Garden City, NY 11530
(516) 747-6700, x309

Dated: Islandia, New York
 August 30, 2016

MACCO & STERN, LLP
*Attorneys for Defendant*

By: /s/ Richard L. Stern
Richard L. Stern, Esq.
2950 Express Drive South - Suite 109
Islandia, NY 11749
(631) 549-7900

7